IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Civil No. 19-15776 (RBK/JS) |
| | **OPINION** |
| KENNETH PAUL CRAWFORD, Jr., | |
| Defendant. | |

**KUGLER**, United States District Judge:

This matter comes before the Court on Plaintiff United States of America's Motion for Summary Judgment (Doc. No. 4). Defendant Kenneth Paul Crawford, Jr. is also the defendant in an ongoing criminal prosecution for violation of the federal tax laws. In an apparent effort to impede his prosecution, Defendant filed a series of frivolous financing statements in order to create liens against Department of Justice prosecutors and an Internal Revenue Service ("IRS") Special Agent. Plaintiff requests that the Court enter an order declaring these financing statements void *ab initio* and enjoining Defendant from continuing to engage in this sort of charade. For the reasons set forth below, Plaintiff's motion is **GRANTED**.

I.  BACKGROUND

Defendant has not denied any of the allegations in the Complaint (Doc. No. 1). Rather, Defendant returned the summons and Complaint to Plaintiff, along with a "Notification of Address Correction for the Defendant." Doc. No. 4-5. In this Notification, Defendant avers that he "surrendered custody of the 'Defendant' back to the U.S. Department of the Treasury via

1

Registered Mail" and "officially resigned as the receiver of process and registered agent for the Defendant." *Id*. at 2; *see also* Letter from Kenneth Paul Crawford, Jr., United States v. Crawford, No. 18-cr-505 (D.N.J. Sept. 27, 2019) (Doc. No. 92 at 1) (stating that Defendant is not the "registered agent for the defendant KENNETH P. CRAWFORD JR"). As such, Defendant appears to believe that he was under no obligation to respond to the summons because he has surrendered the all-capital letter version of his name to the Department of the Treasury. This belief is utterly without merit. *See United States v. Wankel*, 475 F. App'x 273, 276 (10th Cir. 2012) (denying defendant's argument that summons was invalid because he was a distinct entity from the one to which the summons had been issued); *United States v. Wunder*, No. 16-9452, 2019 WL 2928842, at *5 (D.N.J. July 8, 2019) (discussing the futility of the "legal-sounding but meaningless verbiage commonly used by adherents to the so-called sovereign citizen movement").

Consequently, Defendant did not meet his obligation to respond to the Complaint. Accordingly, all of the allegations contained therein are deemed admitted. Fed. R. Civ. P. 8(b)(6) (providing that an allegation "is admitted if a responsive pleading is required and the allegation is not denied"); *see Estate of Kean v. U.S. ex rel. Nat'l Park Serv.*, No. 1998-178, 2008 WL 3460299, at *5 (D.V.I. Aug. 5, 2008).[1]

### A. Factual Background

On August 29, 2018, an indictment was filed in this Court against Defendant in the matter of *United States of America v. Kenneth Crawford, Jr.*, No. 18-cr-505 (D.N.J.). SUMF at ¶ 1. On January 8, 2019, Defendant filed a financing statement with the Clerk of Atlantic County against the United States of America, claiming that he had obtained a default judgment against the United

---

[1] Additionally, Defendant has not filed a response to the Government's Statement of Undisputed Facts as required by Local Civil Rule 56.1. Doc. No. 4-2 ("SUMF"). Accordingly, all the facts contained therein are deemed admitted as well.

States for $66,000,000. *Id.* at ¶ 2. The Clerk voided this financing statement because the United State cannot be a valid debtor. *Id.* at ¶3.

On January 25, 2019, Defendant filed new financing statements, this time listing the prosecutors in his criminal case, Section Chief John N. Kane and Trial Attorney Sean M. Green, and IRS Special Agent Christina Barker, as the debtors. *Id.* at ¶ 4. This financing statement alleged that Kane, Green, and Barker each owe Defendant $1,468,800. *Id.* The Clerk of Atlantic County accepted this filing statement. *Id.* at ¶ 5. Crawford then filed a Notice of Counterclaim and Demand (Doc. No. 4-3 at Ex. A) in his criminal case, asserting that Kane, Green, and Barker owed him $1,468,800 as the result of various counterclaims he had purportedly raised in the criminal action. *Id.* at ¶¶ 6–7.

No court of competent jurisdiction has entered a judgment in favor of Crawford against Kane, Green, or Barker, and these federal employees do not owe a valid debt to Defendant. *Id.* at ¶¶ 8–9. Crawford later filed terminating statements with the Clerk of Atlantic County regarding the financing statements he had filed against Kane, Green, and Barker. *Id.* at ¶ 10.

### B. Procedural History

Plaintiff filed its Complaint on July 24, 2019. The present motion for summary judgment followed on October 4, 2019. The Clerk set the motion for November 4, 2019, meaning that Defendant had until October 21, 2019 to file an opposition. Defendant has not done so. As such, the Court considers Plaintiff's motion ripe for decision.

## II. LEGAL STANDARD

The court should grant a motion for summary judgment when the moving party "shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue is "material" to the dispute if it could alter the

outcome, and a dispute of a material fact is "genuine" if "a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Matsushida Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) ("Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" (quoting *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968))). In deciding whether there is any genuine issue for trial, the court is not to weigh evidence or decide issues of fact. *Anderson*, 477 U.S. at 248. Because fact and credibility determinations are for the jury, the non-moving party's evidence is to be believed and ambiguities construed in his favor. *Id*. at 255; *Matsushida*, 475 U.S. at 587.

Although the movant bears the burden of demonstrating that there is no genuine issue of material fact, the non-movant likewise must present more than mere allegations or denials to successfully oppose summary judgment. *Anderson*, 477 U.S. at 256. The nonmoving party must at least present probative evidence from which jury might return a verdict in his favor. *Id.* at 257. The movant is entitled to summary judgment where the non-moving party fails to "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

### III.     JURISDICTION

26 U.S.C. § 7402(a) provides this Court with "jurisdiction to make and issue in civil actions, writs and orders of injunction . . . and to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws." Section 7402 has been repeatedly used to "to enjoin taxpayers from filing frivolous and unsupported documents against IRS employees acting in accordance with their official duties, and declare such documents null,

void, and with no legal effect." *United States v. McGugan*, 600 F. Supp. 2d 608, 611 (D.N.J. 2009) (citing cases). As that is the exact relief Plaintiff seeks here, the Court has jurisdiction.

## IV. DISCUSSION

### A. The Invalid Liens

Plaintiff asks the Court to declare the financing statements and default judgments filed by Defendant void *ab initio*. None of the federal employees Defendant filed financing statements against owes a valid debt to him, nor has any court of competent jurisdiction entered a judgment in his favor against them. SUMF at ¶¶ 8–9. These documents are utterly frivolous and were clearly filed to impede the enforcement of the federal tax laws against Defendant.

As such, the Court will grant Plaintiff's request, and will declare any "default judgment," "UCC Financing Statement," or other non-consensual or non-judicial document or notice filed by Defendant against any government employee who is authorized to perform and/or has performed any act in connection with the assessment or collection of Defendant's tax liabilities or any criminal prosecution of Defendant for violating the federal tax laws to be null and void *ab initio* and to have no legal force and effect. *See McGugan*, 600 F. Supp. 2d at 614 (entering a similar order where defendant filed an invalid default judgment and other documents so as to "interfere with the Government's enforcement of the Internal Revenue Code"); *see also United States v. Johnson*, No. 15-1831, 2016 WL 7408832, at *6 (E.D.N.Y. May 4, 2016) (recommending voiding financing statement filed by taxpayer against IRS employees where there was "no factual support . . . [that it was] based on any legitimate debt"), *adopted by* Order Adopting Report and Recommendation, United States v. Johnson, No. 15-1831 (E.D.N.Y. June 3, 2016).

### B. Permanent Injunction

Plaintiff also asks the Court to permanently enjoin Defendant from creating any similar false liens in the future. A plaintiff seeking a permanent injunction "must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of the hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *Monsanto Co. v. Geerston Seed Farms*, 561 U.S. 139, 156–57 (2010).

All four of these factors indicate that a permanent injunction is appropriate. The Court agrees with the sound analysis of the *Johnson* court on this point:

> Filing meritless liens to encumber the property of government employees causes irreparable harm to both the individual employees and the IRS as an institution. False liens can have an adverse impact on the financial affairs of the individual employees, such as clouding title to property owned by the IRS employees and damaging their credit ratings. The false liens also can threaten substantial interference with the administration and enforcement of the Internal Revenue laws. Further, monetary damages are inadequate to compensate the individuals and the IRS. Even if a filed financing statement is without any merit, it will still exist in the public database and will affect the debtors' financial affairs until the improper lien is terminated. Moreover, the balance of hardships favors the IRS employees. Without the injunction, Defendant could file additional liens to hinder IRS employees' exercise of their official duties. In contrast, the hardship to [defendant] is minimal as he is not enforcing any legitimate security interest. Finally, the injunction will serve the public interest by securing the integrity of the public records, namely UCC filing statements, and the fair administration of the tax laws.

2016 WL 7408832 at *7 (internal quotation marks and citations omitted); *see also McGugan*, 600 F. Supp. 2d at 614–615 (entering permanent injunction against taxpayer who placed false liens on federal officials because "[t]he public filing of such bogus documents imposes irreparable harm on the Government entities and officials that are the subject of the documents, and is not within the public interest"). *Johnson*'s reasoning with respect to IRS employees applies just as equally to Department of Justice prosecutors enforcing the federal tax laws.

Consequently, the Court will enter a permanent injunction against Defendant to prevent him from filing any similar document against government employees who are authorized to and/or have acted to enforce the internal revenue laws of the United States against Defendant. However, this injunction will not prevent Defendant from seeking relief for any non-frivolous legal claim, nor will it prohibit valid liens created by judgment of a court of competent jurisdiction. *See e.g.*, *Johnson*, 2016 WL 7408832, at *8 (recommending similar injunction); *McGugan*, 600 F. Supp. 2d at 615 (entering similar injunction); *United States v. Rodriguez Ramirez*, 291 F. Supp. 2d 266 (S.D.N.Y. 2003) (same).

## V. CONCLUSION

For the foregoing reasons, Plaintiff's motion is **GRANTED**. An Order and Judgment follows.

Dated: 11/1/2019                                /s/ Robert B. Kugler
                                                ROBERT B. KUGLER
                                                United States District Judge